USDC SCAN INDEX SHEET

















```
KSR     8/17/06    9:38
3:06-CV-01597   TRUNK V. CITY OF SAN DIEGO
*13*
*P/A.*
```

PETER D. LEPISCOPO, ESQ. C.S.B. #139583
JAMES M. GRIFFITHS, ESQ. C.S.B. #228467
LAW OFFICES OF PETER D. LEPISCOPO
2635 Camino del Rio South, Suite 109
San Diego, California 92108
Telephone: (619) 299-5343
Facsimile: (619) 299-4767

Attorneys for Proposed Intervenor and Defendant, **PACIFIC JUSTICE INSTITUTE**

FILED
06 AUG 16 PM 3:20
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**NUNC PRO TUNC**
AUG 15 2006

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRUNK and PHILIP K. PAULSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, THE UNITED STATES OF AMERICA, et al.,<br><br>Defendants,<br><br>AND<br><br>PACIFIC JUSTICE INSTITUTE, Proposed Intervenor-Defendant. | Case No. **06-CV-1597 BTM (WMc)**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTON TO INTERVENE [FRCP 24]**<br><br>DATE: September 22, 2006<br>TIME: 2:00 p.m.<br>COURTROOM: 15<br>JUDGE: **HON. BARRY TED MOSKOWITZ**<br>TRIAL DATE: none set |

## INTRODUCTION

Since its inception in 1997, applicant and proposed intervenor-defendant Pacific Justice Institute ("PJI") has represented numerous organizations, individuals, houses of worship, and

religious organizations, which have been treated unjustly due to their religious preferences. (Declaration of PJI's Chief Legal Counsel, Kevin Snider, ¶**5.**)

PJI is well-versed in our nation's religious heritage, as well as more recent trends in Establishment Clause jurisprudence and federal laws protecting religious expression. (Decl. of Snider, ¶**6.**)

As a result of their work, representatives of PJI are regularly asked by major media outlets to provide insight and analysis of current conflicts over religion in the public square. (Decl. of Snider, ¶7.)

PJI also assists in defending governmental entities which are attacked for public acknowledgments of America's religious heritage. (Decl. of Snider, ¶**8.**)

PJI, along with their thousands of individual supporters, is gravely concerned about the onslaught of recent attacks against public expression of religion (including the Pledge of Allegiance and the National Motto, "*In God We Trust*") and public displays that include religious symbols such as the Ten Commandments and now in this case, the Cross and Stars of David that are fully integrated into the Mount Soledad National Veterans War Memorial ("Mt. Soledad War Memorial"). (Decl. of Snider, ¶**9.**)

In this regard, PJI has been involved in cases in the U.S. Supreme Court involving the Pledge of Allegiance, *Elk Grove Unified School District v. Newdow*, 542 U.S. 1 (2004)("*Newdow*"), and the Kentucky and Texas Ten Commandments cases, *McCreary County v. ACLU of Kentucky*, 545 U.S. ___ (2005)("*McCreary*") and *Van Orden v. Perry*, 545 U.S. ___ (2005)("*Van Orden*"), respectively. (Decl. of Snider, ¶9.)

PJI is an intervenor and defendant in the National Motto case, *Newdow v. The Congress of the United States of America*, ___ F.Supp.2d ___, 2006 WL 1652231, E.D.Cal., (E.D. June 12, 2006),

which is presently pending before the U.S. Court of Appeals for the Ninth Circuit, Case No. 06-16344. (Decl. of Snider, ¶9.)

PJI is involved in the Second Pledge of Allegiance case, *Newdow v. United States of America*, 383 F.Supp.3d 1229 (E.D.Cal. 2005)("*Newdow II*"), which is presently pending in the U.S. Court of Appeals for the Ninth Circuit, Case No. 06-15093. (Decl. of Snider, ¶9.)

In a majority of the foregoing cases before the U.S. Supreme Court, the California Supreme Court, and the U.S. Court of Appeals for the Ninth Circuit, PJI has been represented by its present legal counsel, Peter D. Lepiscopo, Esq., of San Diego, who is counsel of record in this case. (Decl. of Snider, ¶9.)

Finally, the following are other published cases dealing the 1st Amendment principles in which PJI has been involved: *Ellsinore Christian Center v. City of Lake Ellsinore*, 291 F. Supp. 2d 1083 (C.D. Cal. 2003); *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024 (9th Cir. 2004); *Berry v. Tehama Co. Dept of Social Services* 447 F.3d 642 (9th Cir. 2006); *Caldwell v. Caldwell* 420 F.Supp.2d 1102, (N.D.Cal., March 20, 2006). (Decl. of Snider, ¶9.)

PJI believes it is their solemn duty to defend our nation's religious heritage against overly-restrictive or improper interpretations of the Establishment Clause. (Decl. of Snider, ¶10.)

Plaintiffs' attack on the Mt. Soledad War Memorial would have a significantly deleterious effect on our work. (Decl. of Snider, ¶11.)

If successful, the present lawsuit would greatly restrict our ability to defend governmental actors who regularly seek our advice and representation when they attempt to objectively acknowledge our nation's religious heritage. (Decl. of Snider, ¶12.)

PJI believes that the Mt. Soledad War Memorial contains religious icons, including the Christian Cross and Jewish Star of David, are invaluable and unique expressions of our nation's

history and heritage. These religious icons having been included in federally owned war memorials that honor our men and women who have protected our freedoms throughout our history. Some examples of these war memorials include the large cross at the location of the Battle of Gettysburg (erected July 2, 1888) and the Crosses and Stars of David in all of our national cemeteries, including Arlington National and Fort Rosecrans at Point Loma. (Decl. of Snider, ¶13.)

It is PJI's position that the removal of any of these religious icons from these types of war memorials from the public square will have a serious, detrimental effect on Americans' awareness and appreciation of our nation's religious heritage. Furthermore, plaintiffs' desire to have this Court issue an order to remove the cross from the fully integrated national war memorial, while leaving intact other religious icons and symbols appearing on that same memorial would be enlisting this Court into an act of viewpoint based suppression. Government's suppression of religion and/or speech based upon a particular viewpoint has always been held to be unconstitutional. (Decl. of Snider, ¶14.)

Moreover, if the Mt. Soledad War Memorial were declared unconstitutional or illegal in whole or in part, many similar public expressions of our religious heritage would be placed in jeopardy, including, for example, the war memorial at Gettysburg and the national cemeteries at Arlington and Fort Rosecrans. (Decl. of Snider, ¶15.)

Plaintiffs' efforts to eliminate the Cross and/or Stars of David from the Mt. Soledad War Memorial, and by extension, similar expressions of America's religious heritage, could have a catastrophic effect not only on our nation, but also on the efforts of Pacific Justice Institute. (Decl. of Snider, ¶16.)

In summation, Plaintiffs' lawsuit would seriously undermine Pacific Justice Institute's organizational mission to protect religious liberty, including public expression of religious heritage. (Decl. of Snider, ¶**17**.)

Should this motion for intervention be granted, PJI will file a motion to dismiss this case pursuant to FRCP 12(b)(1)&(6). In this regard, pursuant to FRCP 24(c) the grounds upon which PJI's motion to dismiss will be based are: (1) pursuant to FRCP 12(b)(1) the court lacks jurisdiction over the subject matter, as the claims alleged by plaintiffs are not justiciable; and (2) pursuant to 12(b)(6) plaintiffs have failed to state a claim, as there are no constitutional violations under the Establishment Clause). (Decl. of Snider, ¶**18** and Exh. 1 thereto.)

Pacific Justice Institute is entitled to intervention both as of right and permissively under Rule 24. In the alternative, should the court deny these requests for any reason, Pacific Justice Institute requests that it be granted *amicus* status in the pending litigation.

## ARGUMENT

### I. Pacific Justice Institute Is Entitled to Intervention as of Right in this Action

Applications for intervention as of right in federal court actions are governed by Federal Rule of Civil Procedure 24(a), which provides in relevant part that:

> [u]pon timely application anyone shall be permitted to intervene in an action...when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless that interest is adequately represented by existing parties.

The Ninth Circuit has broken down Rule 24(a)(2) into four basic elements:

> (1) [T]he application must be timely; (2) the applicant must have a 'significantly protectable interest' relating to the transaction that is the subject of the litigation;

>   (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impeded the applicant's ability to protect its interest; and
>   (4) the applicant's interest must be inadequately represented by the parties before the court.

*League of United Latin American Citizens ("LULAC") v. Wilson,* 131 F.3d 1297 (9th Cir. 1997).

It is well-established that Rule 24 "is construed broadly in favor of the applicants." *Idaho Farm Bureau Feder'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995) (citing *United States v. Oregon,* 913 F.2d 576, 587 (9th Cir. 1990), cert. denied, *Makah Indian Tribe v. United States,* 501 U.S. 1250 (1991)). PJI, as will be discussed *infra,* meets each of the Ninth Circuit's four elements for obtaining intervention as of right. In short, its application is first of all timely, having been filed within days of the initiation of the lawsuit challenging the constitutionality of the Mt. Soledad War Memorial. Second, PJI has significantly protectable interests in the subject of the litigation, including its ability to continue defending and preserving American symbols and heritage. Third, it is uniquely situated as an organization which has devoted substantial time, resources and education to promoting the rights of Americans to publicly display well-known national symbols without discrimination toward those symbols which have religious connotations. Fourth, and finally, PJI's interests are inadequately represented before the court in that defendants, the United States and City of San Diego, are large, cumbersome bureaucracies that have complex economic and political interests which differ from those possessed by Pacific Justice Institute, an organization dedicated to defending religious liberty.

### A.   PJI's Motion is Timely

"Timeliness is 'the threshold inquiry' for intervention as of right." *LULAC,* 131 F.3d at 1302. It is also easily met in the present case. The timeliness inquiry focuses on whether intervention is too late as determined by the stage of the proceeding, prejudice to the parties, and

reasons for the length of the delay. *Id.* The *LULAC* court, for instance, denied intervention due to untimeliness of applicants who sought it more than two years after the lawsuits were filed. At the same time, the court indicated that other parties had been granted intervention nine months after the original lawsuits commenced. By stark contrast, the present applicant is filing its motion for intervention within six (6) days of the filing of this case by Plaintiffs. Thus, it should not be seriously disputed that PJI's motion is untimely. *See, e.g., Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993) (timeliness not at issue when motion to intervene was filed at outset of litigation, before answer to complaint was even filed).

**B.     Pacific Justice Institute Has Significantly Protectable Interests Relating to the Subject of this Litigation**

By attacking the Mt. Soledad War Memorial, Plaintiffs have attacked the core mission and values of Pacific Justice Institute—preserving religious liberty, including public expressions of our nation's religious history and heritage, including the public display of religious icons and expression. In particular, PJI has recently been active in defending city seals in Los Angeles and Redlands, California, from charges that they are too religious and unconstitutional. The ability of Pacific Justice Institute to defend these and similar expressions of religious heritage against misuse of the Establishment Clause will be severely hindered if this Court declares that the Mt. Soledad War Memorial—and by logical extension, untold similar expressions of our nation's religious heritage, including memorials at Gettysburg and the national cemeteries at Arlington and Fort Rosecrans—are illegal.

The federal courts have found that a broad variety of interests satisfy the "significantly protectable interests" inquiry. For example, in *Idaho Farm Bureau Federation, supra,* environmental groups were granted intervention in a lawsuit which clarified the Endangered Species Act as it related to procedures for listing species (there, the Bureau Hot Springs Snail) as

endangered. The *Idaho Farm Bureau Federation* court reviewed previous Ninth Circuit decisions such as *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525 (9th Cir. 1983) and *Washington State Bldg. and Constr. Trades Council v. Spellman*, 684 F.2d 627 (9th Cir. 1982), cert. denied, *Don't Waste Washington Legal Defense Foundation v. Washington*, 461 U.S. 913 (1983), finding broad interpretation of what constitutes a "significantly protectable interest." In view of the environmental groups' active efforts to protect the snail at issue, the Ninth Circuit ruled,

> [W]e conclude that disposition in the present action would impair ICL/CIHD's ability to protect their interest in the Springs Snail and its habitat. The action could, and did, lead to a decision to remove the Springs Snail from the list of endangered species. *Cf. Sagebrush Rebellion*, 713 F.2d at 528 (granting intervention and stating that a decision to set aside agency action creating conservation area for birds of prey would impair Audobon Society's interest in preservation of birds and their habitat).

58 F.3d at 1398.

Other circuit courts have joined the Ninth Circuit in favoring intervenors. For instance, in *Utah Association of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001), the Tenth Circuit reviewed decisions from several circuits (including the Ninth Circuit's *Sagebrush Rebellion* decision) involving environmental activists and concluded, "[W]e find persuasive those opinions holding that organizations whose purpose is the protection and conservation of wildlife and its habitat have a protectable interest in litigation that threatens those goals." *Id.* at 1252. And, while wildlife and conservation groups have been among the most prodigious intervenors in federal courts over the last two decades, producing a flood of court opinions on the subject, Rule 24 by no means limits protectable interests to them.

In like manner, people of faith should be given the same concessions as environmentalists. As the United States is a constitutionally neutral entity relative to religious issues, the motion to intervene should be granted so that an advocate for persons of faith will have a voice in the court.

This is necessary in that religious persons are confronted with a lawsuit which is facially hostile to their interests. A plain reading of the complaint reveals that the Plaintiffs' purpose is to eradicate all remnants of religion from public life, including the destruction of war memorials that have, in the case of Gettysburg, been in existence for more than a century, or in the case of Mt. Soledad, for a half-century. Because of this, religious people should not be forced to stand idly with their "hands in their pockets" to see what fate will await them at the end of this lawsuit. PJI therefore falls well within the bounds of the "significantly protectable interest" as articulated in *LULAC*.

### C. Applicants Are So Situated that the Disposition of the Action May, as a Practical Matter, Impair or Impede the Applicants' Ability to Protect Their Interest

The federal courts have been careful to note that, under the third element articulated by *LULAC*, prospective intervenors need not show that an unfavorable disposition in the case would necessarily impair their right, only that it "*may* ... impair or impede [their] ability to protect [their] interest." *Purnell*, 925 F.2d at 948 (quoting Rule 24(a)(2) and adding emphasis), that is, that impairment is "possible." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997). See also *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

Other federal courts have considered this requirement from the previous one, declaring that "the question of impairment is not separate from the question of the existence of an interest." *Utah Association of Counties*, 255 F.3d at 1253 (quoting *Natural Res. Def. Council v. United States Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978).

As a practical matter, the disposition of this action in favor of the plaintiffs would directly impede PJI's interest and ability to defend and promote American history and heritage. Pacific Justice Institute should therefore be granted intervention as of right in the litigation to defend against the significant negative impact Plaintiffs' demands would have on it.

**D. Applicant's Interests Are Inadequately Represented by the Parties Before the Court.**

With respect to the final requirement under Rule 24, inadequate representation, the federal courts have noted, "The burden of making this showing is minimal." *Pacific Gas and Elec. Co. v. Lynch*, 216 F.Supp.2d 1016, 1025 (N.D. Cal. 2002). *See also, e.g., Utah Assn. of Counties v. Clinton*, 255 F.3d 1246, 1255 (10th Cir. 2001) ("burden is the "minimal" one of showing that representation 'may' be inadequate") (quoting *Sanguine, Ltd. v. United States Dept. of Interior*, 736 F.2d 1416, 1419 (10th Cir. 1984) and *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Moreover, "The possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden." *Id.* (quoting *Natural Res. Def. Council v. United States Nuclear Reg. Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978). *Accord, Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997). This rule has been interpreted to mean simply that an existing party may fail to make all the prospective intervenor's arguments. *See Michigan State AFL-CIO*, 103 F.3d at 1247. The importance of this approach becomes evident in view of the fact that governmental agencies may choose not to appeal adverse decisions, in view of the complex and competing interests which they must balance. Such decisions would have a seriously detrimental effect on advocacy groups and their members if they were denied intervention in the litigation. *See, e.g. Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1104 (9th Cir. 2002) (intervenors, environmental groups, appealed decision invalidating U.S. Forest Service's "Roadless Rule" restricting potential environmental impact after federal government chose not to appeal); *State of California Dept. of Social Svcs. v. Thompson*, 321 F.3d 835 (9th Cir. 2003) (allowing intervenor to appeal decision even though state chose not to do so).

Pacific Justice Institute is a non-profit organization committed to the preservation of religious liberty, including public expression of America's religious history and heritage. (Decl. of Snider, ¶¶4-6.)

By contrast, the United States Congress and the City of San Diego, named as defendants in the instant litigation, have myriad complex and competing interests, which may be implicated in the litigation. For all of their beneficial and perhaps even noble attributes, the United States Government and City of San Diego are fundamentally politically-motivated bodies. As such, they can be expected to support the Mt. Soledad War Memorial in such manner and to the extent that it is politically expedient to do so—and no more. It is therefore imperative that Pacific Justice Institute, which wholeheartedly supports and is committed to defending the Mt. Soledad War Memorial, regardless of public opinion polls or votes, be granted intervention to defend and, if necessary, appeal on behalf of the Memorial. *See, e.g., State of California Dept. of Social Svcs. v. Thompson*, 321 F.3d 835 (9th Cir. 2003) (allowing intervenor to appeal decision even though state chose not to do so)

The potentially divergent interests of PJI and the present Defendants thus presented are more than sufficient to meet the "minimal" burden of showing inadequate representation. *Pacific Gas and Elec. Co.*, 216 F.Supp.2d at 1025. PJI therefore meets the fourth and final requirement for intervention as of right.

## II. Applicants Should, in the Alternative, be Granted Permissive Intervention Under Rule 24(b)

The considerations outlined above which soundly support PJI's Motion for Intervention as of right also suffice, *a fortiori*, to grant PJI permissive intervention under Rule 24(b). In its relevant part, Rule 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Rule 24(b) grants a district court the discretion to allow intervention if the application is timely, *see Purnell*, 925 F.2d at 950, and if the "applicant's claim or defense and the main action have a question of law or fact in common." Fed R. Civ. P. 24(b)(2). In exercising its discretion, the district court should also consider whether "intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Purnell*, 925 F.2d at 951. Unlike intervention under Rule 24(a), the court need not determine the significance of the interests of the proposed intervenors, nor the adequacy of representation. Overall, the courts have deftly avoided rigidity in granting or denying intervention, opting instead to craft creative, case-specific solutions which will ensure the most complete representation of all parties and disposition of the issues.

Courts have, for example, granted intervention as of right and, in the alternative, permissive intervention. *See, e.g., Pacific Gas & Electric v. Lynch*, 216 F.Supp. 2d 1016, 1025 (N.D. Cal. 2002). Even in cases where the court has determined that federal law precludes intervention as of right, intervention has been allowed on a more limited basis. For instance, in *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105 (9th Cir. 2000) the court held that the unique structure of the National Environmental Policy Act (NEPA) prevented environmental groups from intervening as of right, because only the government could enforce or be liable as a defendant under NEPA. Nevertheless, the Ninth Circuit still allowed the environmental groups to intervene in the remedial phase of the litigation. *Id.* at 1114. *See also, Purnell v. City of Akron*, 925 F.2d 941 (6th Cir. 1991) (even where intervention as of right was not warranted, permissive intervention should have been granted). Similarly, PJI represents religious

persons and organizations and thus has an interest in defending people of faith against a lawsuit such as this, which is aimed at promoting government hostility toward religion.

As demonstrated above, proposed intervenor seeks to interpose defenses that share common factual and legal questions with those raised in the main action. Proposed intervenor seeks to protect not merely a generalized, ethereal interest in preserving the Mt. Soledad War Memorial; rather, they are actively involved in promoting its important role in society, and they have invested countless amounts of time, energy and resources to preserving and defending this and similar guideposts of American history. Further, as explained above, there is no tenable basis upon which either party could claim that proposed intervenors' participation will cause prejudice or delay: PJI has sought intervention promptly after the filing of Plaintiffs' Complaint, and well before any significant progression of this suit. Thus, even if this Court should determine that not all of the requirements of Rule 24(a) have been met, it should permit the requested intervention under Rule 24(b).

## CONCLUSION

For the foregoing reasons, applicant and proposed intervenor-defendant Pacific Justice Institute is entitled to participate in this action as Intervenor-Defendant, either as a matter of right, *see* FRCP 24(a), or with the Court's permission, FRCP 24(b).

DATED: **August 15**, 2006.    LAW OFFICES OF PETER D. LEPISCOPO



By: _____
Peter D. Lepiscopo, Esq.,

Attorneys for Proposed Intervenor and Defendant, **PACIFIC JUSTICE INSTITUTE**

---

CASE NAME: <u>*TRUNK v. CITY OF SAN DIEGO, et al.*</u>   CASE NO.: <u>06-CV-1597-BTM</u>

### CERTIFICATE OF SERVICE BY U.S. MAIL

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO:

I am over the age of eighteen years, and not party to this action. My business address is **2635 Camino del Rio South, Suite 109, San Diego, California 92108**, which is located in the County where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On **August 15**, **2005**, at my place of business at San Diego, California, the following:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**

was placed for deposit in the United States Postal service in a sealed envelope, with postage fully prepaid, addressed to:

| | |
|---|---|
| **JAMES E. McELROY, ESQ.**<br>625 Broadway, Suite 1400<br>San Diego, California 92101 | **Attorneys for Plaintiffs** |
| **CAROL C. LAM, U.S. Attorney**<br>880 Front Street, Room 6293<br>San Diego, California 92101 | **Attorneys for United States of America** |
| **MICHAEL AGUIRRE, City Attorney**<br>1200 Third Avenue, Suite 1620<br>San Diego, California 92101 | **Attorneys for City of San Diego** |

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this <u>15th</u> day of <u>August</u>, 200<u>6</u>.

_____
Peter D. Lepiscopo, Esq.