# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRUNK and PHILIP K. PAULSON,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, UNITED STATES OF AMERICA, DONALD H. RUMSFELD, Secretary of Defense and DOES 1 through 100, Inclusive,<br><br>Defendants.<br><br>MOUNT SOLEDAD MEMORIAL ASSOCIATION, Real parties in interest.<br><br>JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD H. RUMSFELD, Secretary of Defense, in his official capacity,<br><br>Defendant. | CASE NO. 06cv1597 BTM(WMc)<br>(consolidated with 06cv1728)<br><br>**ORDER DENYING PACIFIC JUSTICE INSTITUTE'S MOTION TO INTERVENE** |

Pacific Justice Institute ("PJI") has filed a motion to intervene pursuant to Fed. R. Civ. P. 24(a) and (b). On September 21, 2006, the Court held a hearing on the motion. For the

1  reasons discussed below, PJI's motion to intervene is **DENIED**.

2

3 **DISCUSSION**

4       PJI seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a).  In the
5 alternative, PJI seeks permissive intervention under Fed. R. Civ. P. 24(b).  PJI's motion is
6 opposed by Plaintiffs and Defendants in both Trunk v. City of San Diego, Case No. 06cv1597
7 and Jewish War Veterans v. Rumsfeld, Case No. 06cv1728.  The Court finds that PJI does
8 not satisfy the requirements for intervention under Rule 24(a) or 24(b).

9

10 **A.**      **Intervention as a Matter of Right**

11       Rule 24(a) provides that upon timely application, anyone shall be permitted to
12 intervene in an action "when the applicant claims an interest relating to the property or
13 transaction which is the subject of the action and the applicant is so situated that the
14 disposition of the action may as a practical matter impair or impede the applicant's ability to
15 protect that interest, unless the applicant's interest is adequately represented by existing
16 parties."

17       The Ninth Circuit applies a four-part test under Rule 24(a): (1) the application for
18 intervention must be timely; (2) the applicant must have a "significantly protectable" interest
19 relating to the property or transaction that is the subject of the action; (3) the applicant must
20 be so situated that the disposition of the action may, as a practical matter, impair or impede
21 the applicant's ability to protect that interest; and (4) the applicant's interest must not be
22 adequately represented by the existing parties in the lawsuit.  Northwest Forest Resource
23 Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996).

24       PJI describes itself as a non-profit legal organization dedicated to the preservation of
25 religious and civil liberties.  PJI believes it is its "solemn duty to defend our nation's religious
26 heritage against overly-restrictive interpretations of the Establishment Clause."  PJI has been
27 involved (as amicus) in litigation concerning the constitutionality of the Pledge of Allegiance
28 and displays of the Ten Commandments.  PJI is an intervenor and defendant in the National

Motto Case, Newdow v. The Congress of the United States of America, which is currently pending before the Ninth Circuit.

With respect to the instant case, PJI takes the position that the religious icons included in the Mt. Soledad War Memorial are "invaluable and unique expressions of our nation's history and heritage" and that the removal of these religious icons from these types of public war memorials would "have a serious, detrimental effect on Americans' awareness and appreciation of our nation's religious heritage." PJI fears that its mission to defend "expressions of religious heritage against misuse of the Establishment Clause" would be severely hindered if the Court found in favor of Plaintiffs.

Although PJI's interest in the case is undoubtedly genuine, it falls short of a "significantly protectable" interest. PJI does not have any property interest in the Memorial. PJI's ideological interest is no greater than that of other religious organizations, public interest groups, and private citizens who feel strongly about the issues in this case.

PJI compares its stake in the case to that of environmental groups permitted to intervene in cases such as Idaho Farm Bureau Federation v. Babbitt, 58 F.3d 1392 (9th Cir. 1995) and Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525 (9th Cir. 1983). However, in these cases, the environmental groups not only had an interest in preserving wildlife and their habitat, but also had participated in administrative processes leading up to the litigation. See Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996) ("[T]he cases in which we have allowed public interest groups to intervene generally share a common thread . . . these groups were directly involved in the enactment of the law or in the administrative proceedings out of which the litigation arose.")

Moreover, PJI has not shown that its interest in the case would not be adequately represented by the existing defendants. There is a presumption of adequate representation when the representative is a government acting on behalf of its constituency. United States v. City of Los Angeles, 288 F.3d 391, 401 (9th Cir. 2002). Furthermore, a presumption of adequacy arises where an existing party and the applicant for intervention have the same "ultimate objective." Northwest Forest, 82 F.3d at 838.

1  Here, PJI, the City, and the United States have the same ultimate objective – to
2 establish that (1) the transfer of the Memorial to the federal government did not violate the
3 United States Constitution or the California Constitution; and (2) the presence of the cross
4 on federal property does not violate the Establishment Clause.  The fact that the government
5 defendants are not religious organizations and might make different arguments than PJI does
6 not mean that they cannot adequately represent PJI's interest.  See League of United Latin
7 American Citizens v. Wilson, 131 F.3d 1297, 1306 (9th Cir. 1997) ("When a proposed
8 intervenor has not alleged any substantive disagreement between it and the existing parties
9 to the suit, and instead has vested its claim for intervention entirely upon a disagreement
10 over litigation strategy or legal tactics, courts have been hesitant to accord the applicant full-
11 party status.").

12  PJI is particularly concerned that Defendants will not challenge Plaintiffs' standing
13 under Article III of the Constitution.  However, whether or not Defendants raise the issue of
14 standing in a motion to dismiss, the issue will be confronted and resolved before this case
15 concludes.

16  There is nothing in the history of this case that indicates that either the City or the
17 United States will not vigorously defend this suit.  To the contrary, the City has fought to
18 preserve the Memorial over almost two decades of litigation.  The federal government is a
19 new party in this dispute.  However, in light of the fact that the federal government took active
20 steps to acquire ownership of the Memorial and the land under it, the Court has no reason
21 to believe that the federal government would not mount a full defense against Plaintiffs'
22 constitutional challenge.

23  PJI has not satisfied the requirements for intervention as a matter of right.  Therefore,
24 its motion to intervene under Fed. R. Civ. P. 24(a) is denied.

25

26 **B.     Permissive Intervention**

27  Under Fed. R. Civ. P. 24(b)(2), upon timely application, anyone may be permitted to
28 intervene in an action "when an applicant's claim or defense and the main action have a

question of law or fact in common." In exercising its discretion under Rule 24(b), the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Here, PJI does not have a separate defense or claim but, rather, seeks to weigh in on the issues presented by the case. As discussed above, PJI's ideological interest in the case does not justify inclusion of PJI as a party to the case. If the Court were to allow PJI to intervene, the Court would receive numerous motions to intervene from other organizations and individuals who want to have their voices heard. The addition of extraneous parties would complicate the proceedings before the Court and could very well cause delay and prejudice to the existing parties. Therefore, the Court, in its discretion, denies PJI's motion for permissive intervention.

However, the Court will allow PJI to appear as amicus. As amicus, PJI will have ample opportunity to present its views on the pertinent legal issues.

## **CONCLUSION**

For the reasons discussed above, PJI's motion to intervene is **DENIED**. However, the Court grants PJI leave to appear as amicus.

**IT IS SO ORDERED.**

DATED: September 26, 2006

_____
Hon. Barry Ted Moskowitz
United States District Judge