UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRUNK and PHILIP K. PAULSON, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF SAN DIEGO, UNITED STATES OF AMERICA, DONALD H. RUMSFELD, Secretary of Defense and DOES 1 through 100, Inclusive <br><br>Defendants. <br><br>MOUNT SOLEDAD MEMORIAL ASSOCIATION, Real Parties in interest. | Case No. 06 CV 1597 BTM (WMc) <br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO COMPEL THE DEPOSITIONS OF SAN DIEGO MAYOR JERRY SANDERS AND REPRESENTATIVE DUNCAN HUNTER** |
| JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND, <br><br>Plaintiffs <br><br>v. <br><br>DONALD H. RUMSFELD, Secretary of Defense, in his official capacity, <br><br>Defendant. | |

///

///

# I.

# INTRODUCTION

Plaintiff Trunk has requested the right to depose Congressional Representative Duncan Hunter and the City of San Diego Mayor Jerry Sanders. The U.S. Attorney's Office and the Office of the City Attorney denied Plaintiff's requests.[1] On March 27, 2007, the Court heard oral argument on Plaintiff's Request to Compel the Depositions of Mayor Sanders and Representative Hunter. After hearing from counsel of record as well as careful consideration of Plaintiff's request to compel, all opposition briefs, and the reply briefs, for the reasons set forth below Plaintiff's Request to Compel the Depositions of Representative Hunter and Mayor Sanders is **DENIED without prejudice**.

# II.

# BACKGROUND

This case arises out of an action brought by Plaintiff Steve Trunk under the Establishment Clause of the First Amendment to the United States Constitution seeking to "declare the transfer of the Mt. Soledad cross, the memorial surrounding it and the land under it to the U.S.A., void *ab initio* in that the transfer was unconstitutional." [Doc. No.30 - FAC, para.14.]

Mayor Sanders wrote a May 11, 2006 letter to President George W. Bush in support of the City's transfer of the Mt. Soledad National War Memorial to the National Park Service. [Doc. No. 93-2, Exh. 10 to P's Request to Compel.] Representative Hunter co-sponsored H.R. 5683, 109th Cong. (2nd Sess.2006), a bill that was subsequently passed and is now the law at issue in this litigation which authorized the United States to acquire the Mount Soledad Veterans Memorial. [Doc. No.98-1, Hunter's Opposition, p2, ln.19-24.]

Plaintiff informally asked to depose Representative Hunter and Mayor Sanders and was refused. It appears that, at least as to Representative Hunter, Plaintiff did not follow his informal request for a deposition with a formal deposition subpoena to the U.S. Attorney's office. [Doc. No. 93-1, p.2, ln.14-18.; Doc. 98-1, p.1, ln. 24-25]

---

[1] By order of the Honorable Barry T. Moskowitz, this case has been consolidated with *Jewish War Veterans vs. Donald H. Rumsfeld, et al., 06cv1728*. Plaintiff Jewish War Veterans ("JWV") joins in the motion of Plaintiff Trunk. Thus, when the Court refers to "Plaintiff" it shall be referring to both Trunk and JWV.

## III.

## ARGUMENTS

**A. Plaintiff Trunk's Request to Depose Representative Hunter and Mayor Sanders**

Plaintiff requests the right to depose Representative Hunter and Mayor Sanders in order to question the lawmakers about "the purpose of [H.R. 5683] legislation" they sponsored or endorsed. [Doc. No. 93-1, p.1, ln.26 - p.2, ln.6.] Plaintiff contends that his proposed line of questioning "may be dispositive on the issue of whether such a transfer violates both the California and United States Constitutions." [Doc. No. 93-1, p.2, ln.7-10.] Plaintiff further argues that the deposition testimony he requests is relevant to the information analyzed by the courts under the purpose prong of the three-part test set forth in *Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971). [Doc. No. 93-1, p.11, ln.15-18.]

Plaintiff proposes "limited" depositions for both Representative Hunter and Mayor Sanders, covering only the issues of "purpose, intent, preference and aid" with respect to H.R. 5683. [Doc. No. 93-1, p.19, ln.4-7.]

**B. Defendants' Arguments**

**1. Opposition of Representative Hunter**

Congressman Hunter objects to Plaintiff's Request to Compel on the ground that Plaintiff failed to issue or serve him with a deposition notice or subpoena. [Doc. No. 98-1, p.1, ln.24-26.] Congressman Hunter also argues that: (1) the testimony Plaintiff seeks to elicit is privileged and barred absolutely by the Speech or Debate Clause of the Constitution, and (2) Plaintiff has failed to establish the exceptional circumstances necessary to compel a sitting Member of Congress to appear for a non-party deposition. [Doc. No. 98-1, p.2, ln.2-11.]

**2. Opposition of the United States and Secretary of Defense ("Federal Defendants")**

Federal Defendants argue that Supreme Court and Ninth Circuit case law hold a legislator's post-enactment statements are irrelevant to the determination of legislative purpose. [Doc. No. 99, p.4, ln.15 - p.5, ln.23.] Further, Federal Defendants assert that case law applying the improper purpose inquiry under *Lemon v. Kurtzman*, 403 U.S. 602 (1971) support a denial of Plaintiff's

1  request to compel because such case law suggests that the Establishment Clause analysis must be
2  conducted by reviewing the plain language of the statute, contemporaneous legislative history,
3  historical context and the sequence of events leading to the passage of the statute. [Doc. No. 99, p.6,
4  ln.20-27.]

### 3. Opposition of Mayor Sanders

Mayor Sanders notes that while Plaintiff has moved to compel his deposition, Plaintiff has not pursued any other methods of discovery from the Mayor including written interrogatories, requests for admission or requests for production of documents. [Doc. No. 100, p. 3, ln.13-15.] Further, Mayor Sanders argues that it does not oppose joint discovery from Plaintiff Trunk and the JWV Plaintiffs, and it is therefore premature for the Court to order a deposition before a joint discovery plan is even established. [Doc. No. 100, p. 7, ln.13-15.]

The Mayor also notes that he has now assumed all of the executive responsibilities previously assigned to the City Manager under the "Strong Mayor" form of government set forth in Article XV of the City of San Diego Charter, which took effect on January 1, 2006. [Doc. No. 100, p. 4, ln.11-16.] He argues that Plaintiff has not presented compelling reasons to require his deposition, nor has Plaintiff shown that the information he seeks from the Mayor is unavailable from other sources. [Doc. No. 100, p. 5, ln.20 - p. 6, ln. 2.] Finally, the Mayor joins in the arguments posited by Congressman Hunter and the Federal Defendants arguing that Plaintiff should not be allowed to depose him regarding his conversations with federal lawmakers and thereby circumvent the privilege afforded by Speech or Debate Clause. [Doc. No. 100, p. 7, ln.17-19.]

### IV.
### STANDARDS

**A.    Subpoenas - Fed.R. Civ. P. 45**

Under Rule 45 of the Federal Rules of Civil Procedure a subpoena is required to command non-parties to attend and give testimony at a deposition. Fed. R. Civ. P. 45(a)(2)(B).

**B.    Discovery Under Fed. R.Civ. P. 26**

In general, a party has the right to discovery of any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Thus, the scope of discovery under Rule

26 is broad. Discovery may be sought of relevant information not admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* The Court, however, may limit discovery if it can be obtained from another source that is more convenient, less burdensome or less expensive or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2).

**C.     Privileges**

    **1.     Speech or Debate Privilege - U.S. Const. Art. I, § 6, cl. 1.**

The Speech or Debate Clause of the United States Constitution provides: "For any Speech or Debate in either House [Senators and Representatives] shall not be questioned in any other Place." U.S. Const. Art. I, § 6, cl. 1. The privilege protects speech and other activities undertaken by members of Congress who are acting within a legitimate legislative sphere. *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502-503 (1975). The legislative sphere includes those activities that: (1) are an integral part of the deliberative and communicative processes by which Members participate in House proceedings and (2) address proposed legislation. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 529 (9th Cir. 1983). Examples of protected legislative activities include obtaining information regarding possible legislation or committee investigations. *Id.* at 530. In addition, the Speech or Debate clause precludes inquiry into the motivation or purposes of a legislative act. *Id.; see also U.S. v. Brewster,* 408 U.S. 501, 525 (1972)("[T]he Speech or Debate Clause protects against inquiry into the acts that occur in the regular course of the legislative process and into the motivation for those acts.")

    **2.     General Privilege of Limited Immunity From Deposition For**
        **Top Government Officials**

Federal courts recognize the general rule that high-ranking government executives are not normally subject to deposition, especially where they have no personal knowledge essential to the case at issue. *Kyle Engineering Co. V. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005); *Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12 (D. Mass. 1990); *Hankins v. City of Philadelphia*, 1996 WL 524223, *1  E.D. Pa.).

Immunity from deposition is granted in order to allow top officials freedom to perform their

jobs without disruption from the discovery process. *Warzon v. Drew*, 155 F.R.D. 183, 185 (E.D. Wis. 1994.) The exception to this rule applies where the government official whose deposition is sought has "direct personal factual information pertaining to material issues in the action [and] where the information to be gained is not available through any other source." *Green*, 226 F.R.D. at 649 (citing *Church of Scientology of Boston v. IRS*, 138 F.R.D. 9, 12 ( D. Mass. 1990.); see also *Hankins*, 1996 WL 524334, *1 (E.D. Pa.) ("A party seeking the deposition of a high ranking government official must demonstrate that his testimony is likely to lead to the discovery of admissible evidence, is essential to that party's case and that his evidence is not available through any alternative source or less burdensome means.")

## V. DISCUSSION

### A. The Deposition of Representative Hunter Is Precluded Under the Speech or Debate Clause.

To the extent the statements of Congressman Hunter were reported and appear in a legislative record and were the result of his legislative and communicative functions, Congressman Hunter is immune from liability. *Hutchinson vs. Proxmire,* 443 U.S. 111, 123-128 (1979*).* It follows that he should also be protected from being deposed based on such protected statements. In other words, the immunity should not simply protect the Congressman from liability, but also from the expense and burden of being subjected to civil discovery.[2] Therefore, the Court finds that the testimonial privilege afforded by the Speech or Debate Clause of the U.S. Constitution prevents Plaintiff from deposing Representative Hunter regarding his motivations behind, or reasons for supporting, H.R. 5683. *U.S. v. Brewster,* 408 U.S. 501, 525 (1972)*; see also City of Las Vegas v. Foley*, 747 F.2d 1294, 1297 (9th Cir. 1984) (citing *Michael M. v. Superior Court*, 450 U.S. 464, 469-70 (1981); *United States v. O'Brien*, 391 U.S. 367, 383-84 (1968); *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951); *Arizona v. California*, 283 U.S. 423, 455 (1931); *Soon Hing v. Crowley*, 113 U.S. 703, 710-11 (1885); *Fletcher v. Peck*, 10 U.S. 87, 130-31 (1810); *May v. Cooperman*, 572 F.Supp. 1561, 1564 n.2 (D.N.J. 1983) (state legislators

---

[2] Of course, any member of Congress may *voluntarily* submit himself or herself to civil discovery or other forms of civil testimony.

could not be deposed to determine the purpose of a "moment of silence" law challenged under the First Amendment).) Moreover, statements or information an official inserted into the legislative record are covered by the privilege and questions delving into their motives for such statements or inclusion are protected from discovery. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 529 (9th Cir. 1983).

Notwithstanding the above rule, the testimonial privilege embedded in the Speech of Debate Clause does not cover statements made in press releases or newsletters prepared by, or on behalf of, the official. *Id.* However valuable or praiseworthy, an official's transmittal of information by press release or newsletters to inform his constituents of some noteworthy event or decision are "not part of the legislative function or the deliberations that make up the legislative process." *Id.* at 133.

### B. The Requested Information Sought from Congressman Hunter and Mayor Sanders Is Not Relevant to the Inquiry Under the Establishment Clause

The courts employ a three prong test to determine whether a state statute violates the Establishment Clause. First, did the legislature have a secular purpose in adopting the law? This prong "asks whether government's actual purpose is to endorse or disapprove religion." Second, is the principal or primary effect of the law to advance or inhibit religion? Third, does the statute "result in an excessive entanglement of government with religion"? *Lemon vs. Kurtzman,* 403 U.S. 602, 612-613 (1971). A law that violates any of these prongs violates the Establishment Clause. *Edwards vs. Aguillard,* 482 U.S. 578, 583 (1987).

Plaintiff has not cited any cases which support his contention that he is entitled to, or needs, the requested depositions in order to prosecute his claim under the Establishment Clause. None of the cases Plaintiff cites involve the specific issue before this Court: whether a party is entitled to, or needs, to depose the sponsors of the state statute being challenged as violative of the Establishment Clause.

The cases make it clear that, in determining the purpose of a challenged state law or act, the courts can, and do, look to numerous *objective* factors. "A court's finding of improper purpose behind a statute is appropriately determined by the statute on its face, *its legislative*

*history.... the plain meaning of the statute's words*, enlightened by their context and the *contemporaneous legislative history* can control the determination of legislative purpose.... Moreover, in determining the legislative purpose of a statute, the Court has also considered the historical context of the statute...and the specific sequence of events *leading to passage* of the statute...." *Edwards,* 482 U.S. at 594-595 [Citations omitted.] [Emphasis added.]. *See also McCreary vs. ACLU,* 545 U.S. 844, 862 (2005).

In *Wallace v. Jaffree,* 472 U.S. 38 (1985), the U.S. Supreme Court held as violative of the Establishment Clause an Alabama statute which authorized a daily period of silence in public schools for meditation or silent prayer. State Senator Donald Holmes, the law's sponsor, had placed in the legislative record "a statement indicating that the legislation was an effort to return voluntary prayer to the public schools." *Wallace,* 472 U.S. at 56-57. Later, after the bill had become law, and in a proceeding before the District Court, Senator Holmes "confirmed this purpose." *Id.* Key to the Court's decision was the fact that Senator Holmes' *statement in the legislative record* occurred "without dissent." The Court concluded, based on the legislative record and the senator's testimonial and non-testimonial statements, that the statute had no *secular* purpose and was entirely religious. *Id.* at 57-60. In holding the statute unconstitutional the Court concluded that "[t]he unrebutted evidence of legislative intent contained in the legislative record and in the testimony of the sponsor ...is confirmed by a consideration of the relationship between this statute and th two other measures that were considered in this case. The District Court found that the 1981 statute and its 1982 sequel had a common, nonsecular purpose. The wholly religious character of the later enactment is plainly evident from its text." *Id.* at 58. The clear focus of the Court is on the legislative record, the events leading up to the passage of the challenged statute and the statute's plain language.[3] In other words, the Court focuses on events leading up to and contemporarenous with the bill's passage.

*Foley vs. City of Las Vegas,* 747 F.2d 1294 (9th Cir. 1984), is also instructive. In that

---

[3] The decision indicates, without stating or clarifying, that Sen. Holmes presented "testimony". It is unclear from the case whether the senator's testimony was given in a legislative session in the District Court or some other setting. *Id.* at 58. There is nothing in the Court's opinion which indicates, or lends support to the notion, that the sponsor's *testimony* was compelled by court process or necessary for the Court's conclusion.

1 case, the City of Las Vegas moved the District Court in mandamus for a protective order
2 prohibiting a corporation from deposing city officials to determine their motives in enacting a
3 zoning ordinance which restricted the location of sexually oriented businesses.  The corporation
4 argued that it needed the depositions in order to support its challenge that the First and
5 Fourteenth Amendments rendered the ordinance unconstitutional.  In rejecting the corporation's
6 arguments, the Ninth Circuit stated that "[t]he relevant governmental interest is determined by
7 *objective factors* as taken from the face of the statue, the effect of the statute, comparison to prior
8 law, facts surrounding enactment of the statute, the stated purpose, and the record of
9 proceedings." *Id.* at 1297.  Although not a case dealing with the Establishment Clause, the
10 factors the Court must consider in determining governmental interest are identical to the factors
11 on which the Supreme Court focused in both *McCreary*, *Edwards* and *Wallace*.   Not surprising
12 since all these cases turn on the First Amendment.   The Ninth Circuit went on to say in *Foley*:
13 "The Supreme Court has held that an otherwise constitutional statute will not be invalidated on
14 the basis of an alleged illicit legislative motive....The Court prevents inquiry into the motives of
15 legislators because it recognizes that such inquiries are a hazardous task.  Individual legislators
16 may vote for a particular statute for a variety of reasons....The diverse character of such motives,
17 and the impossibility of penetrating into the hearts of men and ascertaining the truth, precludes
18 all such inquiries as impracticable and futile." 747 F.2d., at *1297- 1298.*  (Citations omitted.)

19      Furthermore, under the rationale of *Foley*, as well as *Edwards, Wallace* and *McCreary,*
20 the requested discovery is not relevant to the determination the District Court must make.
21 "Allowing discovery of legislative motives, as Lydo suggests, would not only create a major
22 departure from the precedent rejecting the use of legislative motives, but is also inconsistent with
23 basic analysis under the First Amendment which has not turned on the motives of the legislators,
24 but on the effect of the regulation." *Id.* at 1297-1298.  (Citations omitted.)

25      **C. Even If the Requested Information Were Relevant, the Court Exercises Its**
26 **Discretion to Prohibit the Depositions.**

27      Plaintiff has not presented exceptional circumstances which would warrant overriding the
28 Speech or Debate privilege, and a significant amount of alternative source material, other than

deposition testimony, is available for Plaintiff to reference with respect to his claims.    As explained by the Supreme Court in *Edwards v. Aguillard*, 482 U.S. 578, 594-95 (1987), courts determine the improper purpose behind a statute by evaluating the plain language of the statute on its face, its contemporaneous legislative history and the historical context of the statute - all of which is available to Plaintiff.

The court has discretion to determine whether to grant a motion to compel.  *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 (9th Cir, 1987); *see also Kyle Engineering Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979) (reserving deposition of the executive of the Small Business Administration until the end of discovery and ordering answers to interrogatories in lieu of deposition.)

In exercising such discretion, the Court may limit discovery under Federal Rules of Civil Procedure, Rule 26, if: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2).

Plaintiff's exhibits in support of his request to Compel demonstrate that he has a significant amount of source material available to him on the issue of legislative purpose including letters, legislative minutes, transcripts of recorded council meetings and quotation-filled press releases.   [Doc. No. 93-2, pp. 2-65.]  Accordingly, the information Plaintiff seeks through deposition will be unnecessarily duplicative.  Fed. R. Civ. P. 26(b)(2)(i).

Similarly, the Court finds Plaintiff has not demonstrated that the Mayor's anticipated testimony is unavailable through other sources or less burdensome avenues like written discovery. *Green v. Baca*, 226 F.R.D. 624, 649 (C.D. Cal. 2005.)  As discussed above, Plaintiff has an abundance of legislative history and other source material to which he can he refer, and indeed to which he did refer in his request to compel, to support his constitutional claims. [Doc.


/////

No. 93-2, pp. 2-65.]

Accordingly, Plaintiff's request to depose Congressman Hunter and Mayor Sanders, is **DENIED**.

## VI.

## CONCLUSION AND ORDER THEREON

In light of the foregoing, Plaintiff's Request to Compel the Depositions of Representative Duncan Hunter and Mayor Jerry Sanders is **DENIED**.

**IT IS SO ORDERED**.

DATED: April 2, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

COPY TO:
HONORABLE BARRY T. MOSKOWITZ, U.S. DISTRICT JUDGE
ALL PARTIES AND COUNSEL OF RECORD