# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRUNK,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, UNITED STATES OF AMERICA, ROBERT M. GATES, Secretary of Defense and DOES 1 through 100, inclusive,<br><br>                Defendants.<br>_____<br>MOUNT SOLEDAD MEMORIAL ASSOCIATION,<br><br>                Real Parties in Interest.<br>_____<br>JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND,<br><br>                Plaintiffs,<br>vs.<br><br>ROBERT M. GATES, Secretary of Defense, in his official capacity,<br><br>                Defendant. | CASE NO. 06cv1597-LAB (WMc)<br>(Consol. w/06cv1728-LAB (WMc)<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR *EX PARTE* APPLICATION TO STRIKE** |

Concurrently with its motion for summary judgment, Defendant moved pursuant to Fed. R. Civ. P. 12(f) to strike certain exhibits and the declaration of Joellyn Zollman, all of which were submitted in support of Plaintiffs' motions for summary judgment. Defendant argues these documents are irrelevant.

It is not fully clear why Defendant has chosen to move separately for extraordinary relief rather than merely arguing in its briefing on the cross motions for summary judgment that the documents in question were irrelevant. However, the parties have jointly contacted the Court to request a hearing on this motion.

Because no hearing date was obtained prior to filing the motion to strike, the Court treats it as an *ex parte* application rather than a noticed motion. *See* Civil Local Rule 7.1(b). However, this application did not comply with service requirements under the Court's own standing order. *See* Standing Order, ¶ 8. Had Defendant complied with the Court's service requirement, the Court's usual two-day deadline for opposing *ex parte* applications would have applied. *See id*. As it is, however, no particular deadline is provided for.

Plaintiffs may therefore file a brief in opposition, not to exceed six pages, no later than February 25, 2008. No separate hearing will be required.

The briefing on this *ex parte* application will be considered for purposes of determining whether extraordinarily relief in the form of striking these documents is appropriate. It should not be considered an alternative vehicle for briefing the issues of the cross motions for summary judgment. The parties of course were and are free to argue the question of relevance in their briefing on the cross motions for summary judgment.

**IT IS SO ORDERED**.

DATED: January 31, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge