# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRUNK,<br><br>                Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, UNITED STATES OF AMERICA, CHARLES HAGEL, Secretary of Defense and DOES 1 through 100, inclusive,<br><br>                Defendants.<br>_____<br>MOUNT SOLEDAD MEMORIAL ASSOCIATION,<br><br>                Real Parties in Interest.<br>_____<br>JEWISH WAR VETERANS OF THE UNITED STATES OF AMERICA, INC., RICHARD A. SMITH, MINA SAGHEB, and JUDITH M. COPELAND,<br><br>                Plaintiffs,<br>vs.<br>CHARLES HAGEL, Secretary of Defense, in his official capacity,<br><br>                Defendant. | CASE NO. 06cv1597-LAB (WMc)<br>(Consol. w/06cv1728-LAB (WMc)<br><br>**ORDER DENYING *EX PARTE* MOTION TO STAY; AND**<br><br>**ORDER ENTERING JUDGMENT IN FAVOR OF PLAINTIFFS AND SPECIFYING REMEDY** |

**Procedural Background**

This court previously held (and continues to believe) that permitting a historic, now 59 year-old cross to remain as part of a federal war memorial atop Mount Soledad cannot be reasonably viewed as our government's attempt to establish or to promote religion. But a panel of the Ninth Circuit Court of Appeals has ruled otherwise. *See Trunk v. City of San Diego*, 629 F.3d 1099, 1118 (9th Cir. 2011) (entirety of Mount Soledad Memorial "projects a government endorsement of Christianity"). The panel held that the presence of the cross within the Memorial sends a "message of endorsement and exclusion,"*id*., 629 F.3d at 1122–23, and although that message did not originate with the federal government, the government adopted it as its own by permitting the cross to remain as part of a federal war memorial. According to the Ninth Circuit, Congress and President G.W. Bush (who signed the legislation converting the memorial to federal property) violated the Establishment Clause by preserving the cross as part of the Memorial, and any effort to keep the cross in place conveys a sectarian message with the same unconstitutional purpose. *Id*. at 1124.

The Ninth Circuit did not explicitly direct this court to order removal of the cross, but instead questioned whether the Memorial might be modified in some way, and remanded the case "for further proceedings consistent with this opinion." *Id.* at 1125. Nonetheless, other deliberate language in the opinion makes it clear that removal of the large, historic cross is the only remedy that the Ninth Circuit conceives will cure the constitutional violation. *See, e.g. id.* at 1101 (describing Mount Soledad as an "outlier among war memorials" and characterizing the cross as "pivotal and imposing" and "towering" and "dwarfing by every measure the secular plaques and other symbols" that are also part of the memorial); 1123 n.22 (describing the cross as "by far [the Memorial's] most prominent and dominant feature, completely eclipsing" other elements). In spite of many secular changes to the Memorial, its long sectarian history, as found by the Ninth Circuit, effectively prevents the government from purging the religious connotation in any other way. *See id.* at 1121 ("The fact that the Memorial also commemorates the war dead and serves as a site for secular ceremonies honoring veterans cannot overcome the effect of its decades-long religious history."); 1122

1  (history of the cross, its use, and public opinion about it "cast a long shadow of sectarianism
2  over the Memorial that has not been overcome by the fact that it is also dedicated to fallen
3  soldiers, or by its comparatively short history of secular events"). This court is required to
4  follow the Ninth Circuit's edicts, however indirectly worded they may be.

5        Plaintiffs have also requested that the cross be removed, and no party has pointed
6  to a reasonable alternative. Some Defendants suggested the addition of signage offering
7  explanations of the memorial's purpose. But the panel's decision forecloses this as a
8  solution. *Trunk*, 629 F.3d at 1111–12 (citing *Separation of Church & State Comm v. City of*
9  *Eugene*, 93 F.3d 617, 619 (9th Cir. 1996) for the principle that a plaque dedicating a cross
10 as a war memorial could not cure the Establishment Clause violation). *See also American*
11 *Atheists, Inc. v. Duncan*, 616 F.3d 1145, 1161–62 (10th Cir. 2010) (explanatory information
12 attached to roadside cross memorials did not prevent them from violating the Establishment
13 Clause), *amended on denial of reh'g en banc by American Atheists, Inc. v. Davenport*, 637
14 F.3d 1095 (2010), *and cert. denied by Utah Highway Patrol Ass'n v. American Atheists, Inc.*,
15 132 S.Ct. 12 (2011).

## Request for Stay

17       Defendants Charles Hagel and the United States cite to a pending bill before
18 Congress, S. 1197, that would authorize the government to transfer the Mount Soledad
19 Memorial to a private entity, thereby curing the constitutional violation the Ninth Circuit's
20 decision identified. *See Salazar v. Buono*, 559 U.S. 700, 706, 713–22 (2010). The proposed
21 stay would expire, these Defendants suggest, if the bill is rejected or if Congress adjourns
22 before acting on it. Plaintiffs do not oppose the stay, but *amicus curiae* Representative
23 Duncan Hunter filed a response expressing his opposition, and arguing that a stay would
24 merely have the effect of delaying entry of judgment. At argument, the Court was informed
25 that the transfer provision has since been deleted from S. 1197.

26       While it is possible that Congress might decide to transfer the Memorial, there is no
27 assurance of that nor any way to gauge the likelihood of such an action. If a transfer were
28 underway or were imminent, or there was otherwise a strong prospect of a transfer, the

question would be more difficult. But the mere possibility that Congress will act to transfer the Mount Soledad Memorial to private interests is not a reason to delay this case further. As the Ninth Circuit noted in its opinion, the presence of this cross on public property has generated controversy for more than twenty years. *Trunk*, 629 F.3d at 1101.

Additionally, in his concurrence to the denial of *certiorari* in this case, Justice Alito pointed out the absence of a final judgment prevented the Court from considering the constitutionality of the Memorial, which is "a question of substantial importance." *Mt. Soledad Mem'l Ass'n v. Trunk*, 132 S.C.t 2535, 2535–36 (2012). It is particularly appropriate for the Court to issue a decision that advances this case to finality so that this question of "substantial importance" can be clarified, perhaps by the U.S. Supreme Court.

For all these reasons, this Court concludes that it's time for resolution; it's time for finality. The motion to stay the judgment in this case is **DENIED**.

### Conclusion and Order

As directed by the Ninth Circuit's decision, this court **ENTERS SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS**, and finds as follows: By continuing to permit the current cross to be displayed as part of the Mount Soledad Veterans Memorial, both the United States and Secretary Charles Hagel are violating the Establishment Clause of the First Amendment to the U.S. Constitution. Therefore, these Defendants are now **PERMANENTLY ENJOINED** from displaying or continuing to allow the display of the current cross on federal land as part of the Mount Soledad Veterans Memorial. Within 90 days of the date of this order, Defendants are **ORDERED** to remove the cross. At Defendants' suggestion, and with Plaintiffs' consent, the order to remove the current cross is **STAYED** pending the resolution of any appeal.

/ / /

/ / /

/ / /

/ / /

/ / /

The Clerk is directed to enter judgment in favor of Plaintiffs and against Defendants.

**IT IS SO ORDERED**.

DATED: December 12, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge